IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff/Respondent,<br><br>v.<br><br>Felipe Sarabia-Labrador,<br><br>                    Defendant/Movant. | No. CV-13-02193-PHX-JAT (ESW)<br>     CR-12-00417-PHX-JAT<br><br>**REPORT AND<br>RECOMMENDATION** |

**TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES SENIOR DISTRICT JUDGE:**

Pending before the Court is Felipe Sarabia-Labrador's ("Movant") Second Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 10) (the "Second Amended Motion"), which Movant filed on May 12, 2014. On September 9, 2014, Respondents filed their Response (Doc. 14). Movant did not file a reply. The matter is deemed ripe for consideration.[1]

On May 1, 2013, Movant was sentenced to 109 months in prison after pleading guilty to one count of Conspiracy to Harbor Illegal Aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(I), a Class C felony offense. The Second Amended Motion raises four grounds for relief, all of which allege that Movant received ineffective assistance of counsel in connection with the plea agreement that Movant signed. As the

---

[1] The case was reassigned to U.S. Magistrate Judge Eileen S. Willett on November 14, 2014.

record conclusively shows that Movant is entitled to no relief, it is recommended that the Court deny the Second Amended Motion without holding an evidentiary hearing.

## I. BACKGROUND

On December 21, 2012, Movant signed a plea agreement, which states that Movant will plead guilty to Conspiracy to Harbor Illegal Aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(I). (Doc. 14-1 at 2). The plea agreement's "Waiver of Defenses and Appeal Rights" provision (the "Waiver Provision") states that:

> [Movant] waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the Court's entry of judgment against [Movant] and imposition of sentence upon [Movant] providing the sentence is consistent with this agreement. **[Movant] further waives** (1) any right to appeal the Court's entry of judgment against [Movant]; (2) any right to appeal the imposition of sentence upon [Movant] under Title 18, United States Code, Section 3742 (sentence appeals); and (3) **any right to collaterally attack [Movant's] conviction and sentence under Title 28, United States Code, Section 2255**, or any other collateral attack.

(*Id*. at 6) (emphasis added).

The plea agreement also states that Movant discussed the agreement's terms with his attorney, agreed to the terms and conditions, entered into the plea voluntarily, and that Movant was satisfied with his counsel's representation. (*Id*. at 7-8).

On December 21, 2012, U.S. Magistrate Judge David K. Duncan conducted a change of plea hearing. During the hearing, Magistrate Judge Duncan discussed the Waiver Provision, and asked Movant whether he (i) understood all of the appeal rights that Movant would be giving up and (ii) whether it was Movant's wish to give up those appeal rights. (Doc. 14-2 at 17-18). Movant answered affirmatively to both questions. After Magistrate Judge Duncan completed the plea colloquy, Movant pled guilty to the charge of Conspiracy to Harbor Illegal Aliens. (*Id*. at 22). Magistrate Judge Duncan found that Movant "knowingly, intelligently, and voluntarily enters a plea of guilty, there is a factual basis for this plea; and that [Movant is] competent to enter it." (*Id*.).

On May 1, 2013, Senior District Judge James A. Teilborg held a sentencing hearing. After noting that there were no objections to Magistrate Judge Duncan's findings and recommendations, Judge Teilborg accepted Movant's guilty plea. (Doc. 14-3 at 4). Judge Teilborg sentenced Movant to 109 months in prison, followed by three years of supervised release. (*Id*. at 21-22).

On October 28, 2013, Movant filed a Motion to Vacate Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1), which the Court denied with leave to amend for failure to use the court-approved form. (Doc. 3 at 1-2). Movant filed an amended Motion to Vacate (Doc. 8) on March 7, 2014, which the court denied for failure to allege facts supporting each ground for relief. (Doc. 9 at 3). Movant then filed the Second Amended Motion (Doc. 10). In its June 13, 2014 Order (Doc. 11 at 3), the Court ordered Respondents to answer the Second Amended Motion.

## II.  DISCUSSION

### A.  Enforceability of a Plea Agreement's Waiver Provision

It is a "fundamental rule that plea agreements are contractual in nature and are measured by contract law standards." *U.S. v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). The plain language of a plea agreement will be generally enforced if the agreement is clear and unambiguous. *Id*. This includes a plea agreement's provision whereby a defendant waives the right to challenge his or her conviction and sentence through appeal or a collateral proceeding, such as a § 2255 proceeding. "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *U.S v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (quoting *Jeronimo*, 398 F.3d at 1153) (alteration omitted). However, a defendant may still bring a claim alleging that the waiver or plea agreement was involuntary or that the ineffective assistance of counsel rendered the waiver or plea agreement involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement

that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *U.S. v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); *U.S. v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

A court must conduct a hearing on a § 2255 motion to vacate unless the motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court may resolve the issue of whether a defendant knowingly and voluntarily agreed to a plea agreement's waiver provision based on a review of the written plea agreement and the record of the change of plea proceeding. *See Jeronimo*, 398 F.3d at 1153–55 (finding a waiver of a direct appeal knowing and voluntary based on the plea agreement and the change of plea proceeding).

**B. Challenging a Guilty Plea Based on an Ineffective Assistance of Counsel Claim**

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the U.S. Supreme Court explained that a defendant arguing an ineffective assistance of counsel ("IAC") claim must establish that his or her counsel's performance was (i) objectively deficient and (ii) prejudiced the defendant. This is a deferential standard, and "[s]urmounting *Strickland's* high bar is never an easy task." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

The *Strickland* test applies to challenges to guilty pleas and plea agreements that are based on IAC claims. *Jeronimo*, 398 F.3d at 1155. To establish the test's performance prong in that context, a defendant must establish that his or her counsel's advice regarding the guilty plea was outside "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985). Regarding the

prejudice prong, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Washington v. Lampert*, 422 F.3d at 873 (quoting *Hill*, 474 U.S. at 58-59)).

Although the performance factor is listed first in *Strickland's* two-part test, a court may consider the prejudice factor first. In addition, a court need not consider both factors if the court determines that a defendant has failed to meet one factor. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both deficiency and prejudice if the habeas petitioner cannot establish one or the other).

### C. Movant's Four Grounds for Relief are Meritless

#### 1. Grounds One and Two

In Ground One, Movant alleges that "Counsel failed to advise [Movant] . . . as to all facts and law relevant to [Movant's] decision to plea[d] guilty." (Doc. 10 at 5).

In Ground Two, Movant alleges that "Counsel's ineffective assistance was so egregious tha[t] counsel failed to advise [Movant] of the [m]andatory minimum penalty and the maximun [sic] of the mandatory minimum penalty." (Doc. 10 at 6). Movant also alleges in Ground Two that "Counsel has failed [to] advise Movant and defend him who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." (*Id.*).

As Movant's allegations in Grounds One and Two are vague and conclusory, they do not support a § 2255 motion. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir.1989) (vague or conclusory claims without supporting factual allegations warrant summary dismissal of § 2255 motion); *see also Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir.1995) ("It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994)). Movant has not specified how his counsel's performance fell

- 5 -

below a standard of reasonableness under prevailing professional norms. *See Clark*, 769 F.3d at 725. In fact, at both the change of plea and sentencing hearings, Movant stated that he was satisfied with his counsel's representation. (Doc. 14-2 at 5; Doc. 14-3 at 15). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Moreover, Movant does not allege that absent the alleged IAC, Movant would have insisted on going to trial. *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990) (a defendant "must allege facts that show prejudice by showing that absent the erroneous advice he would have insisted on going to trial"). Even if Movant's counsel failed to properly inform Movant, Movant cannot show that the deficient performance was prejudicial as to Grounds One or Two.

Regarding Ground One, the record shows that Magistrate Judge Duncan explained to Movant the nature and elements of Movant's charge, and also read the factual basis of the charge. (Doc. 14-2 at 6, 15-16, 19-20). Movant confirmed that he understood the charge and its factual basis. In addition, Magistrate Judge Duncan carefully recounted all the rights Movant would be giving up by pleading guilty pursuant to the plea agreement, such as the right to a jury trial and the right to appeal or collaterally attack Movant's conviction and sentence. Movant confirmed that he understood all the rights that he was giving up and stated that he wished to give up those rights. (Doc. 14-2 at 6, 16, 20).

Regarding Ground Two, the record shows that Magistrate Judge Duncan advised Movant of the maximum penalties that may be imposed,[2] and explained that "[n]o one . . . can tell you exactly what your sentence will be . . . because the district judge who will be the sentencing judge in your case will be the one making that decision." (Doc. 14-2 at 15). Magistrate Judge Duncan further explained that:

> If you decide to plead guilty and the district judge accepts this plea agreement and the sentence imposed is permitted by the terms of the plea agreement, then you will have to serve that sentence. You will not be able to change your mind and withdraw from the plea agreement or withdraw your plea of

---

[2] Contrary to Movant's assertion, violations of 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(I) do not carry a mandatory minimum sentence. 8 U.S.C. § 1324(a)(1)(B).

- 6 -

>     guilty because the sentence you received was greater than you were hoping for or expected.

When asked, Movant confirmed that he understood. (*Id*.).

Because the IAC claims in Grounds One and Two fail to satisfy the *Strickland* test, the undersigned recommends that the Court dismiss Grounds One and Two with prejudice.

### 2.  Ground Three

Liberally construed, Ground Three contains two claims.  In the first claim, Movant alleges that his counsel's alleged ineffective assistance prejudiced Movant's pursuit of a "more favorable sentence." (Doc. 10 at 7).  Movant asserts that he was prejudiced by his counsel's refusal to "suppress confessions" and "make certain Motions [sic] and objections which would have improved Movant's defense." (*Id*.).  As this claim is attacking Movant's sentence, it is foreclosed by the Waiver Provision in the plea agreement, which Movant knowingly and voluntarily entered into as explained in Section (C)(3) below.  *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."); *see also United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (stating that "it is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver"); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."); *United States v. Carrana*, 2010 WL 4809320, at *2 (D. Ariz. Nov. 19, 2010) (citing to the holdings in *Williams and Cockerham* regarding waivers of collateral attacks).

In the second claim, Movant alleges that his defense counsel failed to advise Movant of the Waiver Provision. This vague and conclusory allegation is insufficient to satisfy the performance prong of *Strickland*. Moreover, Movant cannot show that he was prejudiced by his counsel's alleged failure to advise him of the Waiver Provision.

At the change of plea hearing, Magistrate Judge Duncan told Movant that "if you decided to plead guilty under the terms of your plea agreement, you would be giving up [your] appeal rights. And that is because the plea agreement includes [a] very broad waiver . . . ." (Doc. 14-2 at 17). Magistrate Judge Duncan then read the Waiver Provision to Movant. After reading the Waiver Provision, Magistrate Judge Duncan asked Movant "Do you understand all of these appeal rights that you would be giving up under the terms of your plea agreement?" and "Is it your wish to give up all of those appeal rights?" (*Id*. at 18).

Movant answered affirmatively to both questions. Hence, Movant fails to establish the prejudice prong of the *Strickland* test. *See United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (rejecting a defendant's IAC claim based on his attorney's alleged failure to properly advise him of potential consecutive sentences where the defendant acknowledged at the change of plea hearing the potential for consecutive sentences); *Gonzalez v. United States*, 33 F.3d 1047, 1052 (9th Cir. 1994) (holding that a defendant could not claim he was prejudiced by his attorney's alleged error in determining the defendant's likely sentence where (i) the district court informed the defendant of the maximum possible penalties and (ii) the defendant told the court he was satisfied with attorney); *Chua Han Mow v. United States*, 730 F.2d 1308, 1311 (9th Cir. 1984).

For the above reasons, Movant's IAC claim in Ground Three fails to meet *Strickland's* two-part test. The undersigned therefore recommends that the Court dismiss Ground Three with prejudice.

### 3. Ground Four

Movant alleges in Ground Four that his "counsel was so ineffective that [he] has mislead [sic] Movant to take a Plea [A]greement without really understanding the contents of said Plea Agreement." (Doc. 10 at 8). Movant further alleges that his decision to plead guilty was based "solely on faulty advice." (*Id.*). Yet Movant fails to specify what "faulty" advice his counsel provided that allegedly misled Movant to sign the plea agreement. *See Shah*, 878 F.2d at 1161; *Jones*, 66 F.3d at 204; *United States v. Edmo*, 456 F.2d 240, 241-42 (9th Cir. 1972) (holding meritless defendant's allegation that counsel led him to believe that a lesser sentence would be imposed where defendant did not specify what counsel did or said that led him to believe that he would receive a three-year sentence); *United States v. Boniface*, 601 F.2d 390, 393 (9th Cir. 1979) (rejecting defendant's claim that his attorney coerced him into pleading guilty where the trial court made a "thorough inquiry to satisfy itself that the defendant had been informed about all relevant matters and that his plea was voluntary"). Thus, to the extent Ground Four asserts an IAC claim, the claim fails as Movant has not shown that his counsel's advice fell below an objective standard of reasonableness. In fact, the Court notes that six counts in the Indictment were dismissed as a result of the plea agreement. (Doc. 14-1 at 6; 14-3 at 26). Further, Movant has not established that his counsel's alleged deficient performance was prejudicial in light of Magistrate Judge Duncan's thorough inquiry into whether Movant made his guilty plea voluntarily and knowingly.

To the extent that Ground Four alleges a separate claim that Movant did not enter into the plea agreement knowingly and voluntarily, the claim fails. First, Magistrate Judge Duncan adequately informed Movant of the consequences of his plea and all other items required by Rule 11(b) of the Federal Rules of Criminal Procedure. (Doc. 14-2 at 4-20). Second, Movant confirmed that he understood (i) the terms of the plea agreement, (ii) the nature, elements, and factual basis of the charge to which he was pleading guilty, and (iii) all of the rights he was giving up by pleading guilty under the terms of the plea agreement. (*Id.*). Movant also confirmed in the plea agreement and at the change of plea

hearing that he was entering into the plea agreement voluntarily. *See United States v. Ross*, 511 F.3d 1233, 1236-37 (9th Cir. 2008) (a defendant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary); *Blackledge*, 431 U.S. at 74; *United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001) (giving "substantial weight" to defendant's in-court statements). The undersigned concludes Movant's guilty plea pursuant to the plea agreement was knowingly and voluntarily made. It is thus recommended that the Court dismiss Ground Four with prejudice.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that the Court deny Movant's request for an evidentiary hearing. The undersigned further recommends that the Court deny and dismiss the Second Amended Motion (Doc. 10) with prejudice.

Accordingly,

**IT IS RECOMMENDED** that Movant's request for an evidentiary hearing be **DENIED**.

**IT IS RECOMMENDED** that the Second Amended Motion (Doc. 10) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

District Court without further review.  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 30th day of April, 2015.

_____
Eileen S. Willett
United States Magistrate Judge